UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD RUDY SIPCICH,

       Plaintiff,

    v.

ANDREW M. SAUL,[1] Commissioner of
 Social Security,

       Defendant.
_____

**DECISION
and
ORDER**

**18-CV-1082F**
(**consent**)

APPEARANCES:   LAW OFFICES OF KENNETH R. HILLER, PLLC
          Attorneys for Plaintiff
          MARY ELLEN GILL, of Counsel
          6000 North Bailey Avenue, Suite 1A
          Amherst, New York 14226

          JAMES P. KENNEDY, JR.
          UNITED STATES ATTORNEY
          Attorney for Defendant
          Federal Centre
          138 Delaware Avenue
          Buffalo, New York 14202;

          PADMA GHATAGE
          Special Assistant United States Attorney, of Counsel
          Social Security Administration
          Office of General Counsel
          26 Federal Plaza, Room 3904
          New York, New York 10278, and

          SCOTT C. KELLER
          Office of the General Counsel
          Social Security Administration
          Office of General Counsel
          601 East 12TH Street, Room 965
          Kansas City, Missouri 64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and pursuant to Fed.R.Civ.P. 25(d), is substituted for Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On October 7, 2019, this case was reassigned to the undersigned before whom the parties consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this Court's June 29, 2018 Standing Order. (Dkt. No. 15). The court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on motions for judgment on the pleadings, filed on May 31, 2019, by Plaintiff (Dkt. No. 8), and on July 29, 2019, by Defendant (Dkt. No. 11).

## BACKGROUND

Plaintiff Richard Rudy Sipcich ("Plaintiff"), brings this action under the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on September 28, 2014, for Social Security Disability benefits under Title II of the Act ("SSI" or "disability benefits"). Plaintiff, born on October 24, 1961 (R. 18),[2] has a high school education, and alleges that he stopped working on July 14, 2014, as a result of chronic obstructive pulmonary disease ("COPD"), congestive heart failure, gout, high blood pressure, high cholesterol, nerve problems in his hip, and alcohol dependency. (R. 195).

Plaintiff's application for disability benefits was initially denied by Defendant on December 18, 2014 (R. 78), and, pursuant to Plaintiff's request, a hearing was held before Administrative Law Judge Paul F. Kelly ("Judge Kelly"), on April 5, 2017, in Buffalo, New York (R. 25-37), where Plaintiff testified via teleconference. A

---

[2] "R" references are to the pages of the Administrative Record electronically filed by Defendant on February 25, 2019 (Dkt. No. 5).

supplemental hearing was held on July 20, 2017, where Plaintiff, represented by Joseph Paladino, Esq. ("Paladino") appeared and testified. (R. 38-55). Vocational Expert Jim Garozzo ("the VE" or "VE Garozzo"), also appeared and testified along with medical expert Gerald Glast, M.D. ("Dr. Glast"). The ALJ's decision denying Plaintiff's claim was rendered on August 23, 2017. (R. 10-19). Plaintiff requested review by the Appeals Council, and on August 9, 2018, the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review. (R. 1-4). This action followed on October 4, 2018, with Plaintiff alleging that the ALJ erred by failing to find him disabled. (Dkt. No. 1).

On May 31, 2019, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Dkt. No. 8-1) ("Plaintiff's Memorandum"). Defendant filed, on June 29, 2019, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Dkt. No. 11-1) ("Defendant's Memorandum"). On October 6, 2019, Plaintiff filed a reply to Defendant's memorandum ("Plaintiff's Reply"). (Dkt. No. 14). Oral argument was deemed unnecessary. Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

On July 13, 2014, Plaintiff Richard Sipcich ("Plaintiff" or "Sipcich"), sought treatment from Kenmore Mercy Hospital ("Mercy"), after experiencing shortness of breath and chest pain with a cough. (R. 261-28). Upon examination, Jay L. Newman, M.D. ("Dr. Newman"), evaluated Plaintiff with normal respiration, clear breath sounds,

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those facts necessary for determining the pending motions for judgment on the pleadings.

3

mild scattered wheezing, diagnosed Plaintiff with congestive heart failure exacerbation, and questionable chronic obstructive pulmonary disease ("COPD"), and referred Plaintiff to Plaintiff's primary care physician for further treatment. (R. 261).

On July 1, 2014, Donald Gullikson, M.D. ("Dr. Gullickson"), completed a physical examination on Plaintiff, noted that Plaintiff's COPD was controlled by medication and counseled Plaintiff on the treatment of Plaintiff's alcoholism. (R. 463).

On July 25, 2014, Harry McCrea, M.D. ("Dr. McCrea"), a cardiologist with Cardiology Group of Western New York, completed a consultative examination on Plaintiff, evaluated Plaintiff with congestive heart failure, and noted that Plaintiff's coronary artery disease was likely a result of Plaintiff's smoking and alcohol consumption. (R. 323-24).

On August 1, 2014, Plaintiff underwent cardiac catheterization angiography at South Buffalo Mercy Hospital, that revealed no significant disease and mild pulmonary hypertension. (R. 277).

On September 2, 2014, Dr. McCrea noted that Plaintiff reported minimal shortness of breath after a "tough weekend" drinking heavily and smoking. Upon examination, Dr. McCrea evaluated Plaintiff with diffuse wheezing and poor air movement. (R. 331).

On October 2, 2014, Dr. McCrea noted that Plaintiff reported a reduction in his drinking and smoking and that his breathing was improved with his inhaler. (R. 487).

On October 6, 2014, Plaintiff returned to Dr. Gullickson for a follow-up examination, and reported tiredness and shortness of breath after prolonged walking up and down stairs. (R. 488).

4

On November 10, 2014, Dr. McCrea noted that Plaintiff reported drinking a few shots of alcohol several days each week and did not wish to return to work for his previous employer. Dr. McCrea noted that Plaintiff was limited by shortness of breath during heavy manual labor, would not be able to restrain a patient, and referred Plaintiff to Dr. Gullickson for a follow-up on Plaintiff's reported depression. (R. 492-95).

On November 11, 2014, Dr. Gullickson diagnosed Plaintiff with depression and prescribed Citalopram (Celexa) (R. 495). Dr. Gullickson continued to provide treatment to Plaintiff on December 6, 2014 (R. 500), January 5, 2015 (R. 506), April 6, 2015 (R. 521), July 6, 2015 (R. 527), September 23, 2016 (R. 592), and April 12, 2017 (R. 605).

On December 11, 2014, Christine Ransom, Ph.D., ("Dr. Ransom"), completed a consultative psychiatric evaluation on Plaintiff and evaluated Plaintiff with intact attention, concentration and immediate memory, average intellectual functioning, good insight and judgment, no difficulty understanding and following instructions, the ability to perform simple tasks independently, maintain a regular simple schedule, learn new simple tasks, perform complex tasks, relate adequately with others, and a mild limitation dealing with stress. (R. 338).

On December 22, 2014, (R. 359-60), May 8, 2015 (R. 380), and January 19, 2016 (R. 377-78), Dr. McCrea provided medication mangement for Plaintiff, noted that Plaintiff reported that he continued to drink several times weekly (R. 380), and indicated that Plaintiff drank and smoked more than Plaintiff reported. (R. 381).

On March 2, 2017, Janine Ippolito, Psy.D., ("Dr. Ippolito"), completed a consultative psychiatric evaluation on Plaintiff and evaluated Plaintiff with the ability to remember and apply simple and complex instructions and directions, interact

adequately with supervisors, coworkers and the public, sustain concentration and perform tasks at a consistent pace, regulate emotions and control behavior, a mild limitation to using reasoning and judgment to make work-related decisions, and a moderate limitation to maintaining Plaintiff's well-being. (R. 437). That same day, David Brauer, M.D. ("Dr. Brauer"), completed a consultative internal medical examination on Plaintiff on behalf of the Social Security Administration, and evaluated Plaintiff with no limitations to Plaintiff's ability to sit or stand, a moderate limitation to Plaintiff's ability to walking long distances repetitively and climb stairs, a moderate-to-marked limitation to performing activities that require mild-to-moderate exertion, and recommended that Plaintiff avoid smoke, dust, allergens, and other respiratory irritants or environments with hot/humid temperatures in the workplace. (R. 448-49).

On April 12, 2017, Dr. Gullickson completed a medical source statement on Plaintiff and opined that Plaintiff was capable of frequently lifting and carrying up to 10 pounds and occasionally lifting 50 pounds, that Plaintiff had the ability to sit for 20 minutes at a time, stand for five minutes at a time, walk for 10 minutes at a time, frequently reach, handle, finger and feel, occasionally pull or push with both hands, operate foot controls, climb stairs and ramps, and no ability to kneel, crouch, balance, stoop, work at unprotected heights, work around humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold or heat, or vibrations. (R. 812-17).

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. See 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**A.    Standard and Scope of Judicial Review**

The standard of review for courts reviewing administrative findings regarding disability benefits, 42 U.S.C. §§ 401-34 and 1381-85, is whether the administrative law judge's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence requires enough evidence that a reasonable person would "accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938). When evaluating a claim, the Commissioner must consider "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability (testified to by the claimant and others), and . . . educational background, age and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)). If the opinion of the treating physician is supported by medically acceptable techniques and results from frequent examinations, and the opinion supports the administrative record, the treating physician's opinion will be given controlling weight. *Schisler v. Sullivan*, 3 F.3d 563, 567 (2d Cir. 1993); 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The Commissioner's final determination will be

affirmed, absent legal error, if it is supported by substantial evidence.  *Dumas,* 712 F.2d at 1550; 42 U.S.C. §§ 405(g) and 1383(c)(3).  "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability insurance benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  If the claimant is engaged in such activity the inquiry ceases and the claimant is not eligible for disability benefits.  *Id.*  The next step is to determine whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities as defined in the applicable regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Absent an impairment, the applicant is not eligible for disability benefits.  *Id.*  Third, if there is an impairment and the impairment, or an equivalent, is listed in Appendix 1 of the regulations and meets the duration requirement, the individual is deemed disabled, regardless of the applicant's age, education or work experience, 20 C.F.R. §§ 404.1520(d) and 416.920(d), as, in such a case, there is a presumption the applicant with such an impairment is unable to perform substantial gainful activity.[5]  42 U.S.C. §§

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

[5] The applicant must meet the duration requirement which mandates that the impairment must last or be expected to last for at least a twelve-month period.  20 C.F.R. §§ 404.1509 and 416.909.

423(d)(1)(A) and 1382(c)(a)(3)(A); 20 C.F.R. §§ 404.1520 and 416.920. *See also Cosme v. Bowen*, 1986 WL 12118, at * 2 (S.D.N.Y. 1986); *Clemente v. Bowen*, 646 F.Supp. 1265, 1270 (S.D.N.Y. 1986).

However, as a fourth step, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's residual functional capacity ("RFC"), and the demands of any past work. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the applicant can still perform work he or she has done in the past, the applicant will be denied disability benefits. *Id.* Finally, if the applicant is unable to perform any past work, the Commissioner will consider the individual's "residual functional capacity," age, education and past work experience in order to determine whether the applicant can perform any alternative employment. 20 C.F.R. §§ 404.1520(f), 416.920(f). *See also Berry,* 675 F.2d at 467 (where impairment(s) are not among those listed, claimant must show that he is without "the residual functional capacity to perform [her] past work"). If the Commissioner finds that the applicant cannot perform any other work, the applicant is considered disabled and eligible for disability benefits. 20 C.F.R. §§ 404.1520(g), 416.920(g). The applicant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof on the final step relating to other employment. *Berry,* 675 F.2d at 467.

In reviewing the administrative finding, the court must follow the five-step analysis and 20 C.F.R. § 416.935(a) ("§ 416.935(a)"), to determine if there was substantial evidence on which the Commissioner based the decision. 20 C.F.R. § 416.935(a); *Richardson*, 402 U.S. at 410.

In this case, the ALJ determined that Plaintiff had the severe impairments of coronary artery disease, COPD, obesity and alcohol abuse (R. 12), and the ALJ and Dr. Glast determined that Plaintiff's impairments do not meet or medically equal a listed impairment (R. 14), and that Plaintiff had the RFC to perform a full range of work at a medium level of exertion with limitations to no occasional lifting of more than 50 pounds or 25 pounds frequently, and that Plaintiff should avoid concentrated exposure to irritants like fumes, dust, gasses, odors, and poorly ventilated areas in the workplace. (R. 14), and that Plaintiff was capable of performing Plaintiff's past relevant work as a psychiatric aide. Plaintiff does not contest the ALJ's findings at steps one through three of the disability review process but contends that the ALJ erred in evaluating Plaintiff's residual functional capacity assessment by violating the treating physician's rule.

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

**Treating Physician Rule**

Plaintiff maintains the ALJ violated the treating physician's rule by not providing good reasons for affording more weight to the portion of Dr. Gullickson's April 12, 2017, finding that Plaintiff was capable of frequently lifting and carrying up to 10 pounds, occasionally lifting of 50 pounds, frequently reach, handle, finger and feel, occasionally pull or push with both hands, operate foot controls, climb stairs and ramps, and no

ability to kneel, crouch, balance, stoop, work at unprotected heights, around humidity and wetness, dust, odors, fumes and pulmonary irritants, extreme cold or heat, and vibrations (R. 812-17), than to the portion of Dr. Gullickson's opinion wherein Dr. Gullickson opined that Plaintiff had the ability to sit for 20 minutes, stand for five minutes, walk for 10 minutes at a time, sit and walk for two hours at a time, and stand for one hour during an eight-hour workday.  Plaintiff's Memorandum at 12-15.  Plaintiff further contends that the ALJ erred by not adopting the entirety of the limitations in Dr. Brauer's findings on March 2, 2017 (R. 448-49), to which the ALJ afforded significant weight.  Plaintiff's Memorandum at 17.  Defendant maintains that the ALJ did not violate the treating physician's rule, as the ALJ based his findings on the testimony of Dr. Glast, who opined that Plaintiff's impairments would not substantially limit Plaintiff's ability to walk or stand.  Defendant's Memorandum at 17.

Under the so-called "treating physician's rule," the opinion of a treating physician is entitled to significant weight where it is supported by medical evidence in the record, and entitled to controlling weight where it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2).  Treating physician opinions, however, are not determinative and are granted controlling weight only when they are not inconsistent with other controlling evidence.  20 C.F.R. § 4040.1527(d); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (citing *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)).  In the instant case, the ALJ's determination to afford only some weight to the portion of Dr. Gullickson's finding that Plaintiff was capable of sitting for 20 minutes, standing for five minutes, and walking for

11

10 minutes at one time without interruption for the entire workday is supported by substantial evidence in the record.

In particular, Plaintiff's cardiologist Dr. McCrea noted that Plaintiff's wheezing improved while Plaintiff used his prescribed inhaler (R. 327, 483), that Plaintiff's shortness of breath would only limit Plaintiff's ability to perform heavy manual labor (R. 492), and that Plaintiff's COPD remained stable. (R. 524). On August 14, 2014, Plaintiff's catheterization angiography revealed no significant heart disease and only mild pulmonary hypertension (R. 277), Plaintiff's chest X-rays on August 7, 2014 and July 15, 2014, were unremarkable (R. 474, 610), Plaintiff's COPD symptoms were controlled with treatment (R. 463, 477), and Plaintiff consistently denied difficulty breathing, wheezing or other respiratory symptoms. (R. 467, 470, 503, 506, 514, 520). Substantial evidence in the record therefore supports the ALJ's determination to afford less weight to the portion of Dr. Gullickson's findings that limit ability to sit, stand, and walk, and there is, accordingly, no merit to Plaintiff's argument that the ALJ failed to abide by the treating physician rule.

In accordance with the foregoing, Discussion, *supra*, at 10-12, by extension, the court finds Plaintiff's related argument that the ALJ erred by not adopting Dr. Bauer's opinion regarding Plaintiff's limited ability to walk one hour in an eight-hour workday equally without merit.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. No. 8) is DENIED; Defendant's Motion (Dkt. 11) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     March 2, 2020
                Buffalo, New York